JOHN H. MILLER ET AL. v. GLORIA SCHAFFER, SECRETARY OF THE STATE OF CONNECTICUT, ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Submitted July 3—decided July 11, 1973

*Robert Satter* and *James A. Wade,* in support of the motion.

*Francis J. McCarthy, Richard R. Stewart* and *Harry W. Hultgren, Jr.,* in opposition.

PER CURIAM. The defendants have filed a motion that this court exercise the jurisdiction which it retained in rendering its decision in this case (reported in 164 Conn. 8, 30, 320 A.2d 1)[1] and "take appropriate action."

When the appeal was heard by this court, there was pending before the United States Supreme Court an appeal from a judgment of the United States District Court entitled *Gaffney* v. *Cummings,* which case concerned the question whether the plan for reapportionment of the General Assembly submitted by the commission provided for by article third, § 6 of the constitution of Connecticut was invalid on federal constitutional grounds. Because of that pending appeal this court expressly refrained

---

[1] For record and briefs see Vol. A-566.

from the expression of any opinion on the issue of federal constitutionality, confining itself to the question of claimed invalidity of the plan on state constitutional grounds. We noted that "[t]he conclusion of the trial court that the board plan segmented towns in order to meet the federal equal population requirement and that it exercised its best judgment to harmonize the town integrity principle of the Connecticut constitution with the federal constitutional standards is amply supported by the subordinate facts. We conclude that the board plan does not violate state constitutional requirements. Whether federal constitutional requirements are violated by this plan will be determined by the United States Supreme Court in the case of *Gaffney* v. *Cummings* . . . now pending before it." *Miller* v. *Schaffer,* supra, 25.

In view of the unusual situation where in a parallel proceeding federal constitutional questions with respect to reapportionment were being decided in the United States Supreme Court we stated: "We retain jurisdiction in this court pending a decision by the Supreme Court of the United States in *Gaffney* v. *Cummings* . . . in order that appropriate state action may be taken, if necessary, consonant with federal constitutional requirements relating to equality of representation." *Miller* v. *Schaffer,* supra, 31.

The United States Supreme Court has now rendered its decision in *Gaffney* v. *Cummings,* 412 U.S. 735, 93 S. Ct. 2321, 37 L. Ed. 2d 298, which held that the plan of apportionment adopted pursuant to the provisions of article third, § 6 of the constitution of Connecticut does not violate the equal protection clause of the fourteenth amendment to the federal constitution.

Under the circumstances, the contingency upon which this court retained jurisdiction in this case has not eventuated and it does not appear that any further action by this court "consonant with federal constitutional requirements relating to equality of representation" is "necessary." There appears no need for the further exercise of the jurisdiction which this court reserved.

The "motion to exercise retained jurisdiction" is denied.